UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHOCK,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LAFAYETTE, et al.,<br><br>    Defendants. | Case No. 14-cv-01902-HSG<br><br>**ORDER EXTENDING STAY**<br>Re: Dkt. No. 40 |

On November 16, 2015, Defendants City of Lafayette, County of Contra Costa, Eric Christensen, Steve Harrison, and Michael Marshall filed the pending administrative motion to continue the stay of this action. Dkt. No. 40. For the reasons stated below, the motion is GRANTED.

**I.    BACKGROUND**

The events on which Plaintiff Michael Schock's complaint is based took place on April 2, 2013. Dkt. No. 1 ¶ 16. Plaintiff filed this civil action on April 24, 2014. On September 26, 2014, the Court stayed the case until April 1, 2015, in light of an ongoing criminal proceeding in Contra Costa County Superior Court based on the same April 2, 2013 events as this civil proceeding. Dkt. No. 33. The Court further stayed the case—based on the parties' joint agreement—on February 25, 2015, Dkt. No. 36, and July 2, 2015, Dkt. No. 39. Under the Court's July 2 Order, the case was stayed until November 1, 2015.

The state criminal proceeding is still pending. A further trial setting hearing in Contra Costa County Superior Court is scheduled for December 28, 2015. Dkt. No. 43 at 2. Plaintiff has waived his right to a speedy trial in the state criminal proceeding. *Id.*

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In order to issue a stay, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). Whether to stay an action is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

Plaintiff argues that he will be prejudiced by a further stay because he will be "unable to preserve percipient witness testimony." Dkt. No. 41 at 3. But Plaintiff will be given a full opportunity in the state criminal proceeding to elicit and preserve witness testimony, and Plaintiff may defend against his state criminal charges "by setting forth evidence that the officers unlawfully arrested [him] and/or used unreasonable excessive force to effect [his] arrest[]," just as he seeks to do in this federal civil rights action. *Quesada v. City of Antioch*, No. 08-cv-01567-JL, at *2 (N.D. Cal. Aug. 29, 2008). Moreover, Plaintiff has waived his speedy trial right in the state criminal proceeding, Dkt. No. 43 at 2, which strongly indicates that he is at least partially responsible for the delay in resolving the underlying facts. Accordingly, the Court finds that a further stay will not result in material damage to Plaintiff's case.

Furthermore, the Court finds that allowing the case to go forward at this stage would prejudice Defendants. Even if Plaintiff agrees to waive his Fifth Amendment right to remain silent and fully participates in civil discovery, Defendants would still be prejudiced by their inability to make arguments under *Heck v. Humphrey,* 512 U.S. 477 (1994), at the motion to dismiss stage. *See Van Dusen v. City of Oakland*, No. 13-cv-05023-HSG, 2015 WL 1800587, at 1 (N.D. Cal. Apr. 20, 2015) (granting motion to dismiss on *Heck* grounds); Dkt. No. 33 (Initial Stay

1  Order) at 1 ("[P]articularly given the impact of the criminal proceedings under *Heck* . . . , the
2  circumstances warrant a stay of limited duration."). For similar reasons, judicial economy is better
3  served by staying this civil action until the criminal proceeding is fully concluded.
4      Based on the foregoing, the Court finds in its discretion that an extension of the stay in this
5  action is warranted. Accordingly, the Court GRANTS Defendants' administrative motion to
6  continue the stay of this action and STAYS the case until March 1, 2016, or the conclusion of the
7  state criminal proceeding, whichever occurs first. The parties shall file a brief joint statement
8  notifying the Court if (1) a trial date is set, or (2) the criminal proceeding concludes.
9      **IT IS SO ORDERED.**
10 Dated: 12/8/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge